# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| FOREST CONAN KINGCADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV00024ACL |
| | ) | |
| TIM TROWBRIDGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Forest Conan Kingcade (registration no. 237380) for leave to commence this action without payment of the required filing fee. Upon consideration of plaintiff's financial information, the Court will grant the motion and assess an initial partial filing fee of $1.38. *See* 28 U.S.C. § 1915(a). In addition, the Court will order the Clerk of Court to issue process on the complaint as to all named defendants in their individual capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater

of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $6.92, and an average monthly account balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.38, which is 20 percent of plaintiff's average monthly deposit.

## 42 U.S.C. § 1997e(g)(2)

Pursuant to 42 U.S.C. § 1997e(g)(2), the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. § 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail on the

merits. Moreover, 28 U.S.C. § 1915A requires the Court to identify any cognizable claims that would survive dismissal.

**The Complaint**

Plaintiff, an inmate at the Missouri Eastern Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against the following City of Kennett, Missouri, police officers in their individual capacities: Tim Trowbridge, Brandon Moore, Mark Dennis, Alan Campbell, and Phillip Caldwell. Plaintiff alleges that defendants used excessive force against him on August 7, 2014, in the context of an arrest. The Court finds that plaintiff's allegations are sufficient to state a constitutional claim, and therefore, the Court will order that defendants reply to the complaint.

In addition, plaintiff has filed a motion for summary judgment, which will be dismissed without prejudice as premature,[1] and a motion for counsel, which will also be dismissed without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity

---

[1] After all defendants have filed a responsive pleading, the Court will enter a Case Management Order, establishing a time frame for discovery and summary judgment motions.

of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex. Moreover, it is evident that plaintiff is able to present his claims, because the Court has ordered all defendants to respond to plaintiff' his claims. Consequently, the motion will be denied at this time, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.38 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without first showing good cause, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to all defendants in their individual capacities.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [Doc. #8] is **DENIED without prejudice**, as premature.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #10] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this 18th day of March, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**